UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICAN and
the STATE OF CALIFORNIA ex rel
MIKE STIERLI,

      Relator Plaintiff,

  v.

SHASTA SERVICES INC. dba
TIMBERWORKS; and DOES 1
through 50, inclusive,

    *Qui Tam* Defendants.

NO. CIV. S 04-1955 MCE PAN

ORDER

----oo0oo----

This case arises from a construction contract between the State of California Department of Transportation ("CALTRANS") and Defendant Shasta Services Inc. dba Timberworks ("Timberworks") for work on a weighing facility on Interstate 5 near Mt. Shasta, California.  That contract contained provisions which required either the participation of Disabled Business Enterprises ("DBEs"), as defined in Title 49, Code of Federal Regulations, Part 26, in the project or a demonstration of good faith efforts

1

aimed at such participation.  The contract was ultimately awarded to Timberworks after it submitted the low bid and presented evidence to CALTRANS as to its inability to secure DBE participation.  The second lowest bidder, MDS Construction, through its owner, Mike Stierli, thereafter challenged the award of that contract, alleging that Timberworks made material misrepresentations in its documentation as to DBE participation.  The contract between CALTRANS to Timberworks was nonetheless finalized after CALTRANS determined that DBE goals had been met.

MDS then proceeded to file a protest with the United States Department of Transportation ("USDOT") on grounds that the project in question received federally apportioned funds contingent on DBE participation.  The USDOT ultimately determined that the contract was ineligible for federal aid participation because of inadequate documentation as to DBE compliance.  CALTRANS maintains that it elected to proceed with the project without obtaining federal aid.

Mike Stierli instituted the present action on behalf of the United States[1] pursuant to the Federal False Claims Act, 31 U.S.C. § 3729,[2] on grounds that federal aid monies were nonetheless utilized.  Because he asserts that any such use of federal funds was improper, Mr. Stierli, as a *qui tam* relator

---

[1] The first paragraph of Plaintiff's complaint makes it clear that "this is an action to recover damages and civil penalties on behalf of the United States of America arising out of false claims presented by defendants..."  (Complaint, ¶ 1)

[2] Additional *qui tam* claims under the California False Claims Act, California Government Code § 12651(a) et seq., and the Federal Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., are also asserted on behalf of the United States.

1  pursuant to Section 3730(b), filed his lawsuit on the
2  government's behalf to recoup monies improperly paid to
3  Timberlake under its contract with CALTRANS.
4      The contract between CALTRANS and Timberworks contained an
5  arbitration provision, pursuant to which the parties to that
6  contract agreed to submit to arbitration all claims arising under
7  or related to the contract.  Timberworks has now filed a motion
8  to compel arbitration, and to stay the present action pending
9  such arbitration.  Timberworks contends that the arbitration
10 clause contained in its contract with CALTRANS applies to Mr.
11 Stierli's *qui tam* claim on behalf of the United States despite
12 the fact that neither Stierli nor the United States was a party
13 to that contract.
14     Timberworks properly points out that the Federal Arbitration
15 Act ("FAA"), 9 U.S.C. § 3, provides that if a suit is brought in
16 federal court upon an issue referable to arbitration under a
17 written agreement, the court may stay such action pending
18 arbitration.  In addition, Section 4 of the FAA authorizes the
19 court to compel arbitration in accordance with the terms of such
20 agreement.
21     It is nonetheless axiomatic that a party cannot ordinarily
22 be required to submit to arbitration a dispute which it has not
23 agreed to arbitrate.  United Steelworkers v. Warrior & Gulf
24 Navigation Co., 363 U.S. 574, 582 (1960).  "Ultimately, the issue
25 of arbitrability 'is to be determined by the contract entered
26 into by the parties.'"  Mediterranean Enterprises, Inc. v.
27 Ssangyong Corp., 708 F.2d 1458, 1463 (9th Cir. 1983).
28     Mike Stierli, the relator plaintiff in this action, was

3

undisputedly not a party to the contract between CALTRANS and Timberworks which contained the arbitration provision at issue. It is only through the United States, which remains the real party in interest in this case even though it has elected not to intervene,[3] that Timberworks argues an obligation to arbitrate is present.

The contract at issue, however, is between CALTRANS and Timberworks, only, and the operative portions (attached as Exhibit "A" to the Declaration of Harold J. Knight) contain no reference to the federal government aside from a federal aid agreement number as identified in the Instructions to Bidders and General Conditions for Building Construction (see Plaintiff's Disclosure of Material Information and Evidence, p. 0007), which is incorporated by reference. While the Instructions to Bidders document does set forth DBE requirements, they do not specifically state that federal project aid is contingent on meeting those requirements, indicating only that "the Department (CALTRANS) has established (a certain) goal for Disadvantaged Business Enterprise (DBE) participation in this project." Id. at p. 0017.

Any agreement by the United States to provide federal aid for the project at issue in this case would appear to be the subject of a separate agreement between CALTRANS and the United States. That agreement, or the terms thereof, cannot be ascertained through reference to the CALTRANS/Timberworks contract except on the most inferential of levels. Nonetheless,

---

[3] See United States v. Health Possibilities, P.S.C., 207 F.3d 335, 341 (6th Cir. 2000).

4

even though the United States was not a signatory to the contract and has formally objected to submission of this lawsuit to arbitration, Timberworks argues that it, and consequently Mike Stierli acting on behalf of the United States in this *qui tam* proceeding, should nonetheless be required to arbitrate. To support that proposition, Timberworks contends "the intertwined exception (to the general rule that an agreement to arbitrate does not apply to a non-party) allows this court to compel arbitration." (Reply to the United States' Opposition, 2:26-27).

Examination of cases applying the so called "intertwined claims" exception indicate that they primarily were decided under circumstances where there was a business relationship between the party to the arbitration contract and the non-signatory making it disingenuous for the non-signatory to argue it was not bound by the terms agreed to by the related party. *See*, *e.g.*, Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753 (11th Cir. 1993) (non-signatory licensor could not refuse to arbitrate intertwined claims involving licensee parent); Grigson v. Creative Artists Agency, LLC, 210 F.3d 524 (5th Cir. 2000) (claims by non-signatory actor and his agent intertwined with movie distribution agreement containing arbitration clause).

The present case is distinguishable from cases recognizing the "intertwined claims" exception. Any agreement between the United States and CALTRANS to provide construction funding is separate and distinct from CALTRANS' contract to actually complete the construction itself, which contained the arbitration provision now asserted by Timberworks as binding on the United States.

1    While Timberworks also argues that the United States should
2 be equitably estopped from arguing it was not a party to the
3 contract, that contention has force only where the non-signatory
4 receives a "direct benefit" from a contract containing an
5 arbitration clause.  *See* American Bureau of Shipping v. Tencara
6 Shipyard S.P.A., 170 F.3d 349, 353 (2d Cir. 1999).  Although
7 Timberworks contends that the DBE provisions upon which this
8 lawsuit is founded stem from "provisions inserted for the benefit
9 of the Federal government" (Reply to United States' Opposition,
10 3: 2-3), it stretches credulity to argue that the United States
11 directly benefits from provisions which, at most, are a
12 prerequisite to the State of California receiving benefits in the
13 form of federal funding.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

    In sum, Timberworks has not established any exception to the general rule that a non-signatory like the United States herein cannot be compelled to arbitrate claims pursuant to an agreement to which it was not a party.  Because the United States is the real party in interest in this *qui tam* proceeding, neither it nor Mike Stierli, who is pursuing the claim on the government's behalf, can be compelled to arbitrate the claims asserted through this lawsuit.  Timberworks' motion is accordingly DENIED.[4]

    IT IS SO ORDERED.

DATED: September 20, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

7