1 GEORGE F. VOGT, JR., State Bar No. 107310
  C. PATRICK STOLL, State Bar No. 166917
2 MARCUS L. TURNER, State Bar No. 232439
  **HERRIG, VOGT & STOLL, LLP**
3 4210 Douglas Blvd. Ste. 100
  Granite Bay, CA 95746
4 (916) 960-1000/(916) 960-1005 FAX

5 Attorneys for *Qui Tam* Defendant
  SHASTA SERVICES INC dba
6 TIMBERWORKS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA *ex rel* MIKE STIERLI,<br><br>　　　　Relator Plaintiff,<br><br>　vs.<br><br>SHASTA SERVICES INC. dba TIMERWORKS; and DOES 1 through 50, inclusive,<br><br>　　　　*Qui Tam* Defendants. | **CASE NO.: S-04-1955 MCE/PAN**<br><br>**QUI TAM DEFENDANT SHASTA SERVICES INC. dba TIMBERWORKS' STATEMENT OF NON OPPOSITION TO STATE OF CALIFORNIA'S MOTION TO DISMISS THE CALIFORNIA FALSE CLAIMS ACT CLAIMS**<br><br>**Date: May 1, 2006**<br>**Time: 9:00 a.m.**<br>**Honorable Morrison England** |

**I. INTRODUCTION**

Defendant SHASTA SERVICES, INC. dba TIMBERWORKS (hereinafter "TIMBERWORKS") joins in the STATE OF CALIFORNIA'S MOTION TO DISMISS THE CALIFORNIA FALSE CLAIMS ACT CLAIMS (hereinafter "STATE MOTION"), and provides this additional briefing to further explain TIMBERWORKS position with regard to Qui Tam Relator, Mike Stierli's (hereinafter "RELATOR"), False Claim action. TIMBERWORKS further asks the court, in the interest of justice under its inherent power sua sponte, to dismiss this action in its entirety.

-1-
**TIMBERWORKS' STATEMENT OF NON OPPOSITION**

TIMBERWORKS concurs with the STATE's factual presentation of the relevant issues as well as its legal reasoning. The STATE has a legitimate interest in ensuring that the California False Claims Act (hereinafter "CFCA") is not misused by unsuccessful, disgruntled public contract bidders as a device to intimidate competitors. The Federal Government also has such an interest, codified in Federal law, to preserve the integrity of the Federal False Claim Act (hereinafter "FCA").

Long before CalTrans awarded the contract to TIMBERWORKS or made any payments to TIMBERWORKS, CalTrans thoroughly investigated, considered, and rejected RELATOR's bid challenges and the allegations contained therein. In response to CalTrans requests for supplemental information regarding its bid, TIMBERWORKS was cooperative, made full disclosures and was straight forward with CalTrans. Accordingly, CalTrans awarded the contract to TIMBERWORKS and directed TIMBERWORKS to proceed under the contract and TIMBERWORKS relied on the agreement and assurances of the STATE. The project was completed and accepted in accordance with the plans and specifications. Throughout the performance of the Contract CalTrans position was, and continues to be, that TIMBERWORKS demonstrated good faith efforts to meet the DBE Contract goal and has not defrauded or harmed the STATE.

That this action was brought in Federal Court is more an exercise in forum shopping than any attempt at deterring fraud or returning funds to the federal treasury. Any Federal funds that were allocated to this project have long been returned to the Federal treasury from the STATE of California and the purported victim agency, CalTrans, continues to insist that there was no fraud.

RELATOR argues that CalTrans exceeded its authority in awarding the Contract to TIMBERWORKS, the Contract was therefore void, and all of TIMBERWORKS' requests for payment under the contract were "false claims." California STATE Courts have previously rejected this application of the CFCA. The STATE MOTION cites *Allied Mold & Die*, a California Appellate case upholding the Attorney General's decision to dismiss a challenge to the STATE's bid award process cloaked in CFCA language under circumstances substantially

similar to those in this case. As noted in the STATE MOTION, the *qui tam* in that case "was represented by the same counsel as the *qui tam* in this case, and Stierli now makes the same arguments that the *Allied Mold* court previously rejected." STATE MOTION, 6: 27-28, *Am. Contract Servs. v. Allied Mold & Die, Inc.*, 94 Cal.App.4th 854, 862 (Cal.App.2001).

Now this same argument finds itself in the Federal Courts. RELATOR has never challenged the Contract or whether CalTrans did, in fact, exceed its authority to enter into it, yet has asserted that all payment applications made under the Contract are "false." RELATOR has ignored CalTrans interpretation of its own authority and now seeks to recompense an agency that directed the alleged "false claims" and accepted the work. Furthermore, RELATOR has requested more than three million dollars of damages under the FCA for a project that the Federal Government has declined to fund.

TIMBERWORKS joins in the STATE MOTION to dismiss the CFCA claims and further asks that the Court, under its inherent power sua sponte, to dismiss this action in its entirety in the interest of justice. TIMBERWORKS asks that the Court award attorneys' fees and costs upon dismissal, or in the alternative, reserve the issue for TIMBERWORKS Motion for Summary Judgment, should it become necessary.

## II. FACTUAL BACKGROUND

Please see the facts outlined in the STATE OF CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE CALIFORNIA FALSE CLAIMS ACT CLAIMS, which are included by reference. STATE MOTION 2:14-28, 3:1-28, 4:1-28, 5:1-2.

## III. ARGUMENT

**A. LEGITIMATE REASONS EXIST TO DISMISS THE LOSING BIDDER'S FCA AND CFCA CLAIMS BECAUSE HE IMPROPERLY USES THE ACTS TO CONTEST CALTRANS CONTRACTING PRACTICES.**

Beginning with the proposition that "Stierli's complaint is in essence a challenge to the STATE's bid award process cloaked in CFCA language," the STATE MOTION goes on to provide a detailed rebuke of Qui Tam Plaintiff's "improper use of the CFCA to challenge

-3-
TIMBERWORKS' STATEMENT OF NON OPPOSITION

CalTrans' contracting process, rather than seeking to prevent fraud against the STATE." STATE MOTION, 6: 2-3.

The legal reasoning of *Allied Mold* is well supported in Federal Law. *United States ex rel. Durcholz v. FKW, Inc.*, 189 F.3d, 542, 545 n.2 (7th Cir. 1999)("It appears that [government] officials...may have stretched the contracting regulations to or beyond their limits. But the FCA is not an appropriate vehicle for policing technical compliance with administrative regulations.") See also *United States ex. Rel. Hopper v Anton*, 91 F.3d 1261 (9th Cir. 1996)("Violations of laws, rules, or regulations alone do not create a cause of action under the FCA")*United States ex. Rel. Swafford v. Borgess Medical Center*, 98 F. Supp. 2d 822.

RELATOR's use of the FCA to police technical compliance with STATE regulations stretches the FCA's intended purpose even further. Both the FCA and the CFCA were intended to help the government prosecute fraudulent claims made against governmental entities. *Allied Mold*, 94 Cal.App.4th at 858. The ultimate purpose of the Act is to protect the public treasury and the taxpayers. *State v. Altus Finance, S.A.*, 36 Cal.4th 1284, 1296-97 (2005). The private right of recovery created by the qui tam provisions of the CFCA exists not to compensate the qui tam relator, but the government. *United States v. Northrop Corp.*, 59 F.3d 953, 958 (9th Cir. 1995)("the relator's right to recovery exists solely as a mechanism for deterring fraud and returning funds to the federal treasury."); see also, *Health Possibilities*, 207 F.3d at 340 ("The FCA is not designed to serve the parochial interests of relators, but to vindicate civic interests in avoiding fraud against public monies.") STATE MOTION 9: 2-9.

No Federal Funds were utilized on this completed CalTrans project. Likewise, the STATE has continued to maintain its approval of TIMBERWORKS performance. As written in the STATE MOTION, "Rather than preserving the public fisc, this litigation will create significant additional expenses for the STATE and simultaneously punish a company that CalTrans does not contend harmed the STATE." STATE MOTION, 9: 15-16.

///

///

B.   **LEGITIMATE REASONS EXIST TO DISMISS THE LOSING BIDDER'S FCA AND CFCA CLAIMS BECAUSE HE IMPROPERLY USES THE ACTS TO CONTEST CALTRANS CONTRACTING AUTHORITY**

RELATOR's theory, in summary, is that Caltrans exceeded its authority when it awarded the Contract to TIMBERWORKS and thereby rendered the Contract void *ab initio*. Thus, according to the RELATOR, each payment application submitted by TIMBERWORKS is a false claim under his theory that "a party contracting with a public agency is conclusively presumed under California law to know the extent of the agency's authority to contract, so that the party is presumed to know that the agency exceeded its authority and that the resulting contract is void." (Complaint, ¶¶ 24-32). Setting aside the fact that RELATOR's theory contravenes the scienter requirement of "knowing presentation" under both the FCA and CFCA in place of imputed knowledge, RELATOR simply assumes the Contract is void. See *Laraway v. Sutro & Co.*, 96 Cal. App. 4th 266, 277 n.4(2002) ("There can be no false claim where a contractor has submitted a claim in accordance with government directions, even if the procedure was improper.")*Wang v. FMC Corp*. 975 F.2d 1412 (9th Cir. 1992). However, the validity of the Contract has never been determined and that question has not been presented before this court.

The Federal Investigation as to whether CalTrans followed the proper procedures for assessing Good Faith Effort was insufficiently narrow to justify the assertion that CalTrans exceeded its authority to enter into the Contract.   *Ghilotti Construction Company v. City of Richmond*, 45 Cal. App. 4th 897. To determine whether an Agency has exceeded its authority in the award of a public contract, the decision is whether the public entity's decision is supported by substantial evidence. *Ghilotti*, 45 Cal. App. 4th 897 ("There is a presumption that the award was supported by substantial evidence, and the complaining party has the burden of proving otherwise."). The review is limited to an examination of the proceedings to determine whether the CalTrans actions were arbitrary, capricious, entirely lacking in evidentiary support, or inconsistent with proper procedures. *Id*.  RELATOR alleges that CalTrans acted in excess of its authority because it failed to comply with federal law and regulations governing DBE participation. (Complaint ¶ 26) RELATOR relies upon USDOT's report finding that CalTrans

improperly awarded the contract to TIMBERWORKS. (Complaint ¶ 23)  That report, however, is a limited review of CalTrans' DBE compliance evaluation process, and nowhere does it find that TIMBERWORKS defrauded the government or submitted false claims to CalTrans.  Neither does the USDOT  mention CalTrans' authority to enter into the Contract or proceed with STATE funding, much less under California Law with appropriate inferences.   Attached hereto as Exhibit A is a true and correct copy of the USDOT's findings.

Federal Rule 9(B), applicable to False Claims Actions, requires a party who alleges fraud to state the circumstances surrounding the fraud "with particularity".  *Bly-Magee v. California*, 236 F.3d 1014 (9th Circuit).    Furthermore, a complaint must comply with Rule 9(B) when it is filed.  *United States ex rel. Waris v. Staff Builders, Inc*., No. Civ. A. 96-1969 (E.D. Pa. Mar. 4, 1999).  This requirement is designed to avoid allowing a plaintiff to learn the complaint's bare essentials through discovery or needlessly harming a defendant's goodwill and reputation by bringing as lawsuit that is, at best, missing some of its core underpinnings, and, at worst, involves baseless allegations used to extract settlements.  Qui Tam Plaintiff should not be allowed to rely on speculative rulings of this Court to satisfy basic pleading requirements.

**C.    THE FCA AND RICO CLAIMS SHOULD NOT SURVIVE INDEPENDENT OF THE CFCA ACTION**

This Action is nothing more than a repackaged presentation of *Allied Mold* at the Federal level.  In addition to "ensuring that the CFCA is not misused by unsuccessful, disgruntled public contract bidders as a device to intimidate competitors," the STATE MOTION seeks to dismiss this action to prevent a waste of public resources. STATE MOTION, 10: 24-26.

> Despite approving TIMBERWORKS' performance, CalTrans will likely have to expend significant resources in this litigation in response to discovery requests.  Rather than preserving the public fisc, this litigation will create significant additional expenses for the STATE and simultaneously punish a company that CalTrans does no contend harmed the STATE. (STATE MOTION, 10: 14-17)

The STATE of California paid for this project in its entirety and now seeks to dismiss this action as a waste of STATE resources.  Being intimately familiar with the holding of *Allied Mold*, RELATOR instead asks this Federal Court to delineate the parameters of CalTrans contracting

authority under the STATE Constitution and STATE case-law without regard to that agency's own interpretation of its authority. See *Ghilotti*, 45 Cal. App. 4th 897. Furthermore, although the Federal government has not expended any resources on the project, RELATOR would have the Federal Court expend federal resources to vindicate an agency that has always contended it was not harmed and who RELATOR contends "engaged in conduct to perpetuate the false claims". (Complaint ¶¶ 32-33) The FCA was not designed for such a use. *United States v. Northrop Corp.*, 59 F.3d 953, 958 (9th Cir. 1995)("the relator's right to recovery exists solely as a mechanism for deterring fraud and returning funds to the federal treasury."); see also, *Health Possibilities*, 207 F.3d at 340 ("The FCA is not designed to serve the parochial interests of relators, but to vindicate civic interests in avoiding fraud against public monies.")

Plaintiff's RICO claim is dependant on a finding of fraud or false pretenses. RELATOR's RICO is incomprehensibly vague in regards to factual details. (Complaint ¶ 47-52) This is a violation of Federal Rule 9(B). RELATOR has failed to provide any examples of "multiple instances of mail fraud," "actions...in furtherance of a scheme to obtain money by means of false pretenses," or a "pattern" of racketeering activity. Discovery, now closed absent leave of court, has failed to provide any further facts to substantiate these allegations. Attached hereto as Exhibit B is a true and correct copy of Special Interrogatories Set No. 1 propounded by TIMBERWORKS. Attached hereto as Exhibit C is a true and correct copy of RELATOR's Verified Supplemental Responses To TIMBERWORKS' Special Interrogatories, Set No. 1.

In this vague RICO cause of action, RELATOR alleges that an "'Olsen' participates in interstate commerce by engaging subcontractors, suppliers, and/or materialmen from various states to participate in its California operations. (Complaint ¶ 49) TIMBERWORKS has no knowledge of whom this "Olsen" is, or what capacity he/she is alleged to have participated in TIMBERWORKS business activity. Judging from the vague and unsubstantiated nature of this cause of action, it appears probable that this section was simply pasted from another unrelated action.

///

RELATOR relies upon the arguments set forth in the False Claim Allegation to substantiate the Fraudulent activity underlying the RICO claim. As detailed above, this activity has not been shown to be fraudulent in fact.

**D.  TIMBERWORKS ASKS THIS COURT TO DISMISS THIS ACTION IN ITS ENTIRETY UNDER ITS INHERENT POWER SUA SPONTE**

TIMBERWORKS joins in the STATE MOTION to dismiss the CFCA claims and further asks that the Court, under its inherent power sua sponte, to dismiss this action in its entirety in the interest of justice. See Hernandez v. Garza (9th Cir. 1998) 138 F3d 393, Chambers v. Nasco, Inc. (1991) 501 US 32, 44-45, 111 S. Ct. 2123 ("A primary aspect of every federal court's inherent power is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process.") Considering the similarity of counsel and factual circumstance to that of *Allied Mold & Die*, a strong argument could be made that this case is nothing more than a vehicle for bringing a rejected underlying state legal theory to the Federal level hoping for a reversal. However, the CFCA is patterned on the federal FCA and federal FCA cases provided guidance for its rejection on the STATE level. *Laraway v. Sutro & Co.*, 96 Cal.App.4th 266, 274 (2002). ("The CFCA is patterned on the federal FCA."), *State ex rel. Bowen v. Bank of America corp.*, 126 Cal.App.4th 225, 240 (2005) ("Federal decisions are thus persuasive on the meaning of the [C]FCA.") That such contrary Federal authority is so pervasive would come as no surprise for anyone familiar with the holding of *Allied Mold & Die*.

**E.  TIMBERWORKS ASKS THIS COURT FOR ATTORNEYS' FEES AND COSTS AVAILABLE UNDER BOTH THE FEDERAL AND STATE FCA.**

TIMBERWORKS further asks that the Court consider the award of attorneys' fees and costs. See *31 USC 3730(d)(4), Cal Gov Code § 12652* and *Federal rule of Civil Procedure 54(d)(1)*. The defendant may recover all reasonable attorneys' fees and expenses if the plaintiff's claim "was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." *31 USC 3730(d)(4)*. Attorneys' fees under Section 3730 can be based on a finding that the claims were objectively frivolous, irrespective of plaintiff's subjective intent. A claim is frivolous when, viewed objectively, it may be said to have no reasonable chance of success, and present no valid

argument to modify present law. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994). Just like many other provisions of the CFCA, the award of attorneys' fees under the California Government Code are modeled on the Federal Standard.

In addition to the fees and expenses available under the False claims act, a successful defendant may also recover its costs from the qui tam relator pursuant to Federal rule of Civil Procedure 54(d)(1). *U.S. ex rel. Costner v. U.S.*, 317 F.3d 889, 54 Fed. R. Serv. 3d 1029 (8th Cir. 2003) These costs have been awarded to a defendant even where fees and expenses have been denied or not sought under Section 3730(d)(4). Where the court is concerned that the private plaintiff is motivated by bad faith or is bringing a frivolous action, the court may require the plaintiff to make assurances that payment of legal fees and expenses can be made before allowing the litigation to proceed. (S.Rep. No. 99-345, at 29 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5294).

Such a remedy would provide a deterrent for knowing misuse of the CFCA and FCA by unsuccessful, disgruntled public contract bidders while reimbursing a defendant who relied on the assurances of the STATE to its detriment.

Dated: April 12, 2006                    HERRIG, VOGT & STOLL, LLP

\s\

George F. Vogt, Jr.
Attorney for *Qui Tam* Defendant
SHASTA SERVICES INC dba
TIMBERWORKS

# CERTIFICATE OF SERVICE
Case No. CIV.S-04-1995 MCE PAN

I, CRYSTAL J. ROBERTS, declare as follows:

I am a citizen of the United States and am employed in the County of Placer, California.

On April 12, 2006, I served the within:

**QUI TAM DEFENDANT SHASTA SERVICES INC., dba TIMBERWORKS' REPLY TO UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY ACTION PENDING ARBITRATION**

_____ By mail on the following party(ies) in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Herrig, Vogt & Stoll, LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in Granite Bay, California.

McGregor W. Scott, U.S. Attorney
Kristin S. Door, Assistant U.S. Attorney
501 I Street, Suite 10-100
Department of Justice
Sacramento, CA 95814

Peter D. Keisler, Asst. Attorney General
Michael F. Hertz & Dodge Wells
501 I Street, Suite 10-100
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington D.C. 20044
(Courtesy copy)

Paul F. Dauer, Esq.
400 Capitol Mall, Suite 2950
1300 I Street
Sacramento, CA 95814

Larry G. Raskin
Supervising Deputy Attorney General
Jeffrey Simpton
Deputy Attorney General
Elizabeth Linton
Deputy Attorney General
1300 I Street
Sacramento, CA 95814

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 12, 2006, at Granite Bay, California.

S/_____
Crystal J. Roberts

-10-

**CERTIFICATE OF SERVICE**