# EXHIBIT A



U.S. DEPARTMENT OF TRANSPORTATION
FEDERAL HIGHWAY ADMINISTRATION
CALIFORNIA DIVISION
650 Capitol Mall, Suite 4-100
Sacramento, CA. 95814

April 16, 2004

**RECEIVED**

APR 1 9 2004

**BEST BEST & KRIEGER**

IN REPLY REFER TO
HDA-CA
File # 901
Document # S44920

Mr. Thomas Gibson
Best Best & Krieger LLP
400 Capitol Mall, Suite 1650
Sacramento, CA 95814

Dear Mr. Best:

The Federal Highway Administration (FHWA) has completed its investigation of the Disadvantaged Business Enterprise (DBE) Noncompliance Complaint and Office of Inspector General (OIG) Hotline Complaint 03IH-544-I-000 that you submitted on behalf of your client, Mr. M.D. Stierli of MDS Construction, Inc. This complaint alleges that Caltrans awarded a Federal-aid contract with a DBE goal (Caltrans Contract No. 02-366744, Federal Aid No. ACIM-005-9(158)E) to a bidder who failed to document adequate good faith efforts to meet the contract goal.

When a recipient has established a DBE contract goal, it must award the contract only to a bidder who makes good faith efforts to meet it. A bidder does this if it documents sufficient DBE participation to meet the goal or it documents that it made adequate good faith efforts to meet the goal. See 49 C.F.R. § 26.53(a). FHWA has concluded that Caltrans awarded the Federal-aid contract cited above to a bidder who failed to meet the contract goal or document adequate good faith efforts to meet it. The Report of Investigation for this complaint is enclosed.

Thank you for raising this issue. As a result of your client's complaint Caltrans will be implementing actions to ensure that this situation will not occur in the future. Further, FHWA will be examining good faith effort analyses done on contracts similar to the one in this case to uncover other opportunities to improve the good faith analysis process.

If you have any questions about the findings of our investigation, please call Lance Yokota, Civil Rights Program Manager at (916) 498-5012.

Sincerely,

For
Gene K. Fong
Division Administrator

Enclosure

source that cannot be identified in this report. The issue raised in all these forums is essentially identical.

## V. Allegations

The Complainant, MDS Construction, Inc., and the undisclosed OIG Hotline complainant alleges that the Respondent, the California Department of Transportation, did not comply with the Disadvantaged Business Enterprise (DBE) regulations when it determined that Timberworks demonstrated adequate good faith efforts to obtain DBE participation on Federal-aid Contract No. 02-366704 that has a five percent DBE goal despite the following: Timberworks submitted no DBE participation with its bid, it rejected two DBE bids without explanation or disclosure, and it made false statements concerning the supposed lack of bids from DBEs.

## VI. Position of Respondent

Initially, Olivia Fonseca, Caltrans Deputy Director for Civil Rights, stated that Caltrans' assessment that Timberworks did demonstrate adequate good faith efforts to meet the contract goal is correct. She stated that the faxed message from Timberworks Vice President, Jennifer Knight (Appendix I), indicates that the bid package was changed on the bid date via a phone call communicating the final dollar number. Ms. Fonseca stated that this indicates that Timberworks' bid package, including its good faith documentation, was subject to revisions up to the bid opening date and time, despite being submitted four days prior to bid opening.

Further, Ms. Fonseca stated that when considering all the good faith efforts made by Timberworks, failing to list one rejected DBE bid, does not indicate that Timberworks failed to demonstrate adequate good faith efforts. She concludes that when considering all the efforts made by Timberworks, it demonstrated adequate good faith efforts.

After further examination of the record, Ms. Fonseca concluded that Timberworks did not demonstrate adequate good faith efforts to meet the contract goal.

## VII. Findings of Fact

MDS Construction, Inc. was the second-lowest bidder on a Federal-aid highway contract, California Department of Transportation (Caltrans) Contract No. 02-366704 (Federal Aid No. ACIM-005-9(158)E). This is a contract to reconstruct a scale house on Interstate 5 near Mount Shasta, California. It has a 5% disadvantaged business enterprise goal. The contract was awarded to the apparent low bidder, Timberworks, after Caltrans determined that Timberworks failed to meet the DBE goal, but demonstrated

adequate good faith efforts to obtain DBE participation. See Appendices A and J.

The two DBE bids that the Complainant alleges were rejected by Timberworks are from EnTerra Remediation, Inc. of Willits, California and Terry Pilkington Construction of Redding, California. EnTerra Remediation, Inc. was a certified DBE during 2002. See Appendix B.

Terry Pilkington Construction is not a certified DBE. It is not listed in the DBE database for California. The fax cover sheet for Terry Pilkington Construction submitted by the complainant's representative does indicate that this firm is certified as a Disadvantaged Veterans Business Enterprise (DVBE). See Appendix C. The DVBE Program is a State of California program that is not authorized for use on Federal-aid contracts.

Timberworks submitted no DBE participation with their bid and submitted their documented good faith efforts to attain DBE participation. See Appendix D. The DBE solicitations submitted by Timberworks includes a sample solicitation letter along with a list of firms solicited, and ads in the Construction Update, the Minority Bidders Bulletin and the Shasta Builders' Exchange. The letter indicates a June 18, 2002 bid date. The ads in the Construction Update and the Minority Bidders Bulletin indicate a June 18, 2002, 2:00 p.m. bid date and time and requested DBE subcontractors to respond by June 17, 2002. The ad in the Shasta Builders' Exchange indicate a June 18, 2002, 2:00 p.m. bid date and time. See Appendix E.

MDS Construction submitted a bid protest to Caltrans regarding the proposed award of Contract Number 02-366704 to Timberworks. It alleged that Timberworks did not demonstrate adequate good faith efforts to meet the DBE goal on this contract because it submitted no DBE participation with its bid and it rejected a DBE bid from EnTerra Remediation, Inc. See Appendix F.

Timberworks' documented response to the DBE good faith effort evaluation factor asking to list rejected DBEs, reasons for rejection, and firms selected for that work (Item D) indicates, "We received no interest / no response from DBEs to our advertisements and solicitations." See Appendix D.

Caltrans Analyst, Tillie Boranian, confirmed with Amanda Johnson (EnTerra) that it faxed quotes to all plan holders, including Timberworks. See Appendix G. The fax log from EnTerra indicates a fax transmission to Timberworks on June 18, 2002, at 8:36 a.m. See Appendix H.

Ms. Boranian's e-mail message of August 1, 2002, at 2:01 p.m. indicates that she spoke to Stacy Yousie, contact person for Timberworks, and asked why it failed to list EnTerra as a rejected DBE in its documented good faith efforts.

Her e-mail message states that Timberworks sent their bid to a courier service about three days prior to bid opening. The good faith efforts documentation was included and filed at the bid opening (June 18, 2002). See Appendix G.

In response to Ms. Boranian's inquiry into why Timberworks failed to list En Terra as a rejected DBE, Jennifer Knight, Vice-President of Timberworks, faxed a message to Ms. Boranian on August 1, 2002, stating that it used a bid courier service to deliver its bid. She wrote that Timberworks submitted its entire bid packet to the courier via Federal Express on June 14, 2002, and communicated its final bid number to the courier via telephone on June 18th. She wrote that at the time it sent its bid packet to the courier on June 14, 2002, it had received no affirmative responses to its invitations to bid from DBEs. See Appendix I.

After evaluation of this additional evidence, Caltrans concluded that Timberworks demonstrated adequate good faith efforts and approved the award of Contract No. 02-366704 to Timberworks on August 9, 2002. See Appendix J.

## VIII. Analysis

MDS Construction and the undisclosed OIG Hotline Complainant allege that Caltrans did not comply with the DBE regulations when it determined that Timberworks demonstrated adequate good faith efforts to obtain DBE participation on a Federal-aid contract with a DBE goal. When a recipient has established a DBE contract goal, it must award the contract only to a bidder/offeror who makes good faith efforts to meet it. A bidder/offeror does this if it documents sufficient DBE participation to meet the goal or it documents that it made adequate good faith efforts to meet the goal. See 49 C.F.R. § 26.53(a).

Appendix A to 49 C.F.R. Part 26 states that a bidder that documents adequate good faith efforts took all necessary and reasonable steps to achieve the DBE goal which, by their scope, intensity, and appropriateness to the objective, could reasonably be expected to obtain sufficient DBE participation. Further, such efforts employed by the bidder should be those that one could reasonably expect a bidder to take if the bidder were actively and aggressively trying to obtain DBE participation sufficient to meet the DBE contract goal. Mere *pro forma* efforts are not good faith efforts to meet the DBE contract requirements.

Caltrans Contract No. 02-366704 has a five-percent DBE goal. Timberworks submitted zero percent DBE commitment with its bid. In response to Caltrans analyst's inquiry into why Timberworks failed to list En Terra as a rejected DBE, Timberworks officials stated that it submitted its DBE good faith efforts documentation for this contract to a courier via Federal Express, for

submission to Caltrans at bid opening. This is at least three days prior to the DBE bid due date indicated in its solicitations to DBEs. The good faith efforts documentation indicated that Timberworks received no DBE bids. The timing of these events indicates that Timberworks did not intend to use any DBEs despite its other documented efforts.

Caltrans Deputy Director for Civil Rights stated that since Timberworks changed it bid package by communicating its final bid number to its courier on bid day, the entire bid package, including its good faith documentation was subject to change up to the bid opening. Therefore, she argued that Timberworks could change its good faith effort documentation and consider DBE bids up to bid opening.

The evidence indicates that Timberworks did not intend to amend its good faith documentation after submitting it to the courier four days prior to bid opening. Timberworks' documented response to the DBE good faith effort evaluation factor asking to list rejected DBEs indicates that it received no DBE bids. En Terra, a DBE firm, submitted a bid to Timberworks the morning before bid opening. In response to a Caltrans analyst's inquiry about why Timberworks failed to list En Terra as a rejected DBE, Timberworks responded that it already submitted its good faith documentation to the courier, i.e. it did not intend to alter its good faith efforts documentation.

Also, Caltrans argued that when considering all the good faith efforts made by Timberworks, failing to list one rejected DBE bid, does not indicate that Timberworks failed to demonstrate adequate good faith efforts. Caltrans concluded that when considering all the efforts made by Timberworks, it demonstrated adequate good faith efforts.

As discussed above, Timberworks submitted its DBE good faith efforts documentation for this contract, indicating that it received no DBE bids, to a courier via Federal Express, for submission to Caltrans at bid opening. This is at least three days prior to the DBE bid due date indicated in Timberworks' solicitations to DBEs. The timing of these events indicates that Timberworks did not intend to use any DBEs despite its other documented efforts. This evidence proves that Timberworks' other good faith efforts were *pro forma* efforts because it never intended to use any DBEs.

Timberworks did not take all necessary and reasonable steps to achieve the DBE goal and it did not make efforts that one would reasonably expect a bidder to take if it were actively and aggressively trying to obtain DBE participation sufficient to meet the contract goal. Notwithstanding the facts cited above, Caltrans determined that Timberworks demonstrated adequate good faith efforts and awarded this contract to Timberworks.

## IX. Conclusion

Caltrans awarded a Federal-aid contract with a DBE goal (Caltrans Contract No. 02-366744) to a bidder who failed to document adequate good faith efforts to meet the contract goal.

## X. Corrective/Remedial Action

The cost of this contract is ineligible for Federal-aid participation. Caltrans will propose and implement actions it will take to ensure this situation will not occur in the future. These actions will be subject to FHWA concurrence. Further, Caltrans is invited to join FHWA in examining good faith effort analyses done on contracts similar to the one in this case to uncover other opportunities to improve the good faith analysis process.

_____        4/15/04
Lance Yokota, Civil Rights Program Manager        Date