# EXHIBIT B

```
 1  GEORGE F. VOGT, JR. State Bar No. 107310
    C. PATRICK STOLL, State Bar No. 166917
 2  MARCUS L. TURNER, State Bar No. 232439
    **HERRIG, VOGT & STOLL, LLP**
 3  4210 Douglas Boulevard, Suite 100
    Granite Bay, CA 95746-5902
 4  (916) 960-1000/(916) 960-1005 FAX

 5  Attorney for Qui Tam Defendant
    SHASTA SERVICES INC. dba.
 6  TIMBERWORKS

 7

 8

 9                   UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11
    UNITED STATES OF AMERICA and    )   CASE NO.: S-04-1955 MCE/PAN
12  the STATE OF CALIFORNIA ex rel  )
    MIKE STIERLI,                   )
13                                  )   SHASTA SERVICES INC.'S
            Plaintiffs,             )   SPECIAL INTERROGATORIES [SET
14                                  )   ONE]
                                    )
15       vs.                        )
                                    )
16                                  )
    SHASTA SERVICES INC. dba        )
17  TIMBERWORKS; and DOES 1 through 50 )
    inclusive,                      )
18                                  )
    Qui Tam Defendants.             )
19  _____)

20  **PROPOUNDING PARTY: SHASTA SERVICES INC. dba TIMBERWORKS**

21
    **RESPONDING PARTY: RELATOR QUI TAM PLAINTIFF MIKE STIERLI**
22
    **SET NO.:                    ONE**
23
    **TO RELATOR QUI TAM PLAINTIFF MIKE STIERLI HEREIN AND ITS COUNSEL OF
24
    RECORD:**
25
         YOU ARE HEREBY REQUIRED pursuant to Federal Rule 33 to answer under oath the
26
    following interrogatories propounded to Plaintiff, QUI TAM PLAINTIFF MIKE STIERLI by
27
    Defendant, SHASTA SERVICES within 30 days from the date of service hereof.
28
```

## PRELIMINARY STATEMENT AND DEFINITIONS

Unless the content of the particular interrogatory specifies otherwise, this statement and list of definitions apply to each and every interrogatory set forth herein and are hereby fully incorporated within said interrogatories by reference.

## DEFINITIONS

A. "**DOCUMENT**" or "**DOCUMENTS**" means any and all written, printed, recorded, graphic or photographic matters of any kind or description, however produced or reproduced, including, without limitation, any mechanical, electronic or magnetic recording of any oral material or any sound or visual reproduction, or any drawing, sketch, schematic or diagrammatic rendering or other descriptive material, or any telephone memoranda, logs, notes, calendars, or any retrievable data or information, however stored, recorded or coded, which is now or was at any time in your actual or constructive possession, custody or control, or in the actual or constructive possession, custody or control of your attorneys, investigators, experts or consultants, or of which you and your attorneys, investigators, experts or consultants have any information or knowledge. "**DOCUMENTS**" includes but is not limited to original writings and any non-identical copies as defined in California Evidence Code Section 250.

B. "**PERSON**" or "**PERSONS**" shall mean and include natural persons, partnerships, firms, corporations or any other kind of business or legal entity, its agents or employees. Any reference to any person in this action includes said person, all officers, directors, attorneys, agents, or employees of them.

C. "**PERTAINING TO**" means commenting upon, concerning, regarding, discussing, reflecting, relating to, relevant to, used in connection with or evidencing, and should be construed in the broadest possible sense of the words.

D. "**COMMUNICATION**" means any exchange of information by any method of transmission, including, without limitation, by face-to-face conversions, mail, telegram, telex, teletype or telephone, facsimiles, or electronic mail (e-mail).

E. "**YOU**" or "**YOUR**" means Relator Plaintiff, its agents, employees, directors and officers, partners, parent companies, divisions, subdivisions, predecessors or successors-in-interest.

F.  "**THE PROJECT**" means the FOR BUILDING ADJACENT TO STATE HIGHWAY IN SISKIYOU COUNTY NEAR MOUNT SHASTA AT THE DUNSMUIR GRADE TRUCK INSPECTION FACILITY, **CONTRACT NO. 02-366704; FEDERAL AID PROJECT NO. ACIM-005-9(158)E.**

G.  "**CALTRANS**" means STATE OF CALIFORNIA, DEPARTMENT OF TRANSPORTATION, its agents, employees and other authorized persons.

H.  "**QUI TAM COMPLAINT**" means UNITED STATES OF AMERICA and the STATE OF CALIFORNIA ex rel MIKE STIERLI, Plaintiffs, vs. SHASTA SERVICES INC. dba TIMBERWORKS; and DOES 1 through 50 inclusive, Qui Tam Defendants. Case Number **S-04-1955 MCE/PAN.**

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please identify the documents PERTAINING TO those provided to the United States Department of Transportation upon which Plaintiff bases the Complaint. (See QUI TAM COMPLAINT 3: 3-6)

**SPECIAL INTERROGATORY NO. 2:**

Please identify the documents PERTAINING TO those provided to CALTRANS upon which Plaintiff bases the Complaint. (See QUI TAM COMPLAINT 3:7-9)

**SPECIAL INTERROGATORY NO. 3:**

Please identify the documents PERTAINING TO YOUR assertion that TIMBERWORKS received expressions of interest and responses from at least two qualified DBE's. (See QUI TAM COMPLAINT 5:25-26)

**SPECIAL INTERROGATORY NO. 3:**

Please identify the documents PERTAINING TO YOUR assertion that both Enterra Remediation, Inc. and Terry Pilkington Construction were both qualified DBE's. (See QUI TAM COMPLAINT 5:25-26).

///

///

**SPECIAL INTERROGATORY NO. 3:**

Please state the facts upon which YOU base YOUR assertion that both Enterra Remediation, Inc. and Terry Pilkington Construction were both qualified DBE's. (See QUI TAM COMPLAINT 5:25-26)

**SPECIAL INTERROGATORY NO. 4:**

Please identify the documents PERTAINING TO YOUR assertion that the responses TIMBERWORKS received from Enterra Remediation, Inc. and Terry Pilkington Construction were timely received in sufficient time prior to the due date for bids to have included either or both as DBE participants under the TIMBERWORKS bid. (See QUI TAM COMPLAINT 5:27-28, 6:1,2)

**SPECIAL INTERROGATORY NO. 5:**

Please identify the documents PERTAINING TO the protest PLAINTIFF filed concurrently with the US Department of Transportation, Federal Highway Administration Office of Civil Rights and the Office of the Inspector General by date of September 13, 2003, including any and all responses from such agencies PERTAINING TO PLAINTIFF'S protest. (See QUI TAM COMPLAINT 6:20-27)

**SPECIAL INTERROGATORY NO. 6:**

Please state the facts upon which YOU base YOUR assertion that the State agency exceeded its authority to enter into the Contract.. See QUI TAM COMPLAINT 7:9-10)

**SPECIAL INTERROGATORY NO. 7:**

Please identify the documents PERTAINING TO YOUR assertion that the State agency exceeded its authority to enter into the Contract. (See QUI TAM COMPLAINT 7:9-10)

**SPECIAL INTERROGATORY NO. 8:**

Please identify the documents PERTAINING TO YOUR assertion that TIMBERWORKS was informed of the protest decision by the US Department of Transportation during the course of performance of the Contract. (See QUI TAM COMPLAINT 8:5-9)

**SPECIAL INTERROGATORY NO. 9:**

Please state the facts upon which YOU base YOUR assertion that TIMBERWORKS acted "knowingly" in submitting the false claims alleged. (See QUI TAM COMPLAINT 10:1-3)

**SPECIAL INTERROGATORY NO. 10:**

Please identify the documents PERTAINING TO YOUR assertion that TIMBERWORKS acted "knowingly" in submitting the false claims alleged. (See QUI TAM COMPLAINT 10:1-3)

**SPECIAL INTERROGATORY NO. 11:**

Please state the facts upon which YOU base YOUR assertion that TIMBERWORKS "failed to exercise due diligence in investigating whether TIMBERWORKS was entitled to the amounts claimed." (See QUI TAM COMPLAINT 10:1-5)

**SPECIAL INTERROGATORY NO. 12:**

Please identify the documents PERTAINING TO YOUR assertion that TIMBERWORKS "failed to exercise due diligence in investigating whether TIMBERWORKS was entitled to the amounts claimed." (See QUI TAM COMPLAINT 10:1-5)

**SPECIAL INTERROGATORY NO. 13:**

Please state the facts upon which YOU base YOUR assertion that CALTRANS has engaged in conduct to perpetuate the false claims. (See QUI TAM COMPLAINT 9:1-3)

**SPECIAL INTERROGATORY NO. 14:**

Please identify the documents PERTAINING TO YOUR assertion that CALTRANS has engaged in conduct to perpetuate the false claims. (See QUI TAM COMPLAINT 9:1-3)

**SPECIAL INTERROGATORY NO. 15:**

Please identify the documents PERTAINING TO YOUR assertion that CALTRANS has undertaken to alter the financial accounting records of the State of California purporting to provide funds for payment pursuant to the Contract from a source other than the federal aid contract number ACIM-005-9 (158). (See QUI TAM COMPLAINT 8:19-24)

**SPECIAL INTERROGATORY NO. 16:**

Please state the facts upon which YOU base YOUR assertion that the efforts to modify the accounting records of the State of California and to provide payment to TIMBERWORKS from non-federal, state funds were done knowingly and subsequent to the determination by the US Department of Transportation that the Contact was improperly awarded. (See QUI TAM COMPLAINT 8:19-24)

**SPECIAL INTERROGATORY NO. 17:**

Please identify the documents PERTAINING TO YOUR assertion that CALTRANS' efforts to modify the accounting records of the State of California and to provide payment to TIMBERWORKS from non-federal, state funds was done knowingly and subsequent to the determination by the US Department of Transportation that the Contact was improperly awarded. (See QUI TAM COMPLAINT 8:19-24)

**SPECIAL INTERROGATORY NO. 18:**

Please state the facts upon which YOU base YOUR assertion that TIMBERWORKS and other persons have formed an association-in-fact for the purpose of engaging in racketeering activities. (See QUI TAM COMPLAINT 12:7-11)

**SPECIAL INTERROGATORY NO. 19:**

Please identify the documents PERTAINING TO YOUR assertion that TIMBERWORKS' and other persons have formed an association-in-fact for the purpose of engaging in racketeering activity. (See QUI TAM COMPLAINT 12:7-11)

**SPECIAL INTERROGATORY NO. 20:**

Please state the facts upon which YOU base YOUR assertion that TIMBERWORKS has derived income, directly or indirectly from a pattern of racketeering activity within the meaning of 18 U.S.C. section 1961(5). (See QUI TAM COMPLAINT 12:6-11)

**SPECIAL INTERROGATORY NO. 21:**

Please identify the documents PERTAINING TO YOUR assertion that TIMBERWORKS has derived income, directly or indirectly from a pattern of racketeering activity within the meaning of 18 U.S.C. section 1961(5). (See QUI TAM COMPLAINT 12:6-11)

**SPECIAL INTERROGATORY NO. 22:**

Please state the facts upon which YOU base YOUR assertion that TIMBERWORKS ' actions were in furtherance of a scheme to obtain money by means of false pretenses. (See QUI TAM COMPLAINT 12:22-23)

**SPECIAL INTERROGATORY NO. 23:**

Please identify the documents PERTAINING TO YOUR assertion that TIMBERWORKS' actions were in furtherance of a scheme to obtain money by means of false pretenses. (See QUI TAM COMPLAINT 12:22-23)

**SPECIAL INTERROGATORY NO. 24:**

Please state the facts upon which YOU base YOUR assertion that TIMBERWORKS' activities include multiple instances of mail fraud in violation of 18 U.S.C. section 1341. (See QUI TAM COMPLAINT 12:26-27)

**SPECIAL INTERROGATORY NO. 25:**

Please identify the documents PERTAINING TO YOUR assertion that TIMBERWORKS' activities included multiple instances of mail fraud in violation of 18 U.S.C. section 1341. (See QUI TAM COMPLAINT 12:26-27)

Dated: January 3, 2006

**HERRIG, VOGT & STOLL, LLP**

_____
GEORGE F. VOGT, JR.