# EXHIBIT C

1 | PAUL F. DAUER (CALIFORNIA BAR NO. 37428)
  | JEFFREY L. ARAN (CALIFORNIA BAR NO. 141407)
2 | LAW OFFICES OF
  | **PAUL F. DAUER**
3 | 400 CAPITOL MALL, SUITE 2950
  | SACRAMENTO, CALIFORNIA 95814
4 | TELEPHONE. (916) 448-2431
  | FACSIMILE (916) 448-2462
5 | EMAIL PFDAUER@PFDATTY.COM

6 | Attorneys for Attorneys for
  | *Relator Qui Tam* Plaintiff MIKE STIERLI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA *ex rel* MIKE STIERLI,<br><br>Relator Plaintiff,<br><br>v.<br><br>SHASTA SERVICES, INC. dba TIMBERWORKS; and DOES 1 through 50, inclusive,<br><br>*Qui Tam* Defendants. | Case No. S-04-1955 MCE/PAN-JFM<br><br>**SUPPLEMENTAL RESPONSES TO TIMBERWORKS' SPECIAL INTERROGATORIES, SET NO. 1 PROPOUNDED TO PLAINTIFF MIKE STIERLI** |

PROPOUNDING PARTY:    Defendant SHASTA SERVICES, INC., dba TIMBERWORKS

RESPONDING PARTY:        *Qui Tam* Plaintiff MIKE STIERLI

SET NUMBER:                        ONE (1) - Special Interrogatories

///

///

*Qui Tam* Plaintiff Mike Stierli hereby submits the following supplemental responses to the Specially Prepared Interrogatories, Set No. 1, propounded by Defendant Shasta Services, Inc. dba Timberworks, as follows:

**PRELIMINARY STATEMENT and GENERAL OBJECTIONS**

Plaintiff and its attorneys have not yet completed their discovery or preparations for trial, nor have they completed their analysis or review of the papers, documents, or other things obtained to date. The answers and responses set forth herein, therefore, reflect only the present information and analysis of *Qui Tam Plaintiff* and his attorney as acquired and reviewed to date, without prejudice to *Qui Tam* Plaintiff's right to present additional facts, contentions, or theories at trial, based on information, evidence, or analysis hereafter obtained or evaluated.

No incidental or implied admissions are intended by these responses. Plaintiff's response or objection to any specific demand should not be construed as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by the demand or that such answer or objection constitutes admissible evidence. The fact that Plaintiff has responded to all or part of any specific interrogatory is not intended, and shall not be construed, to be a waiver by Plaintiff of any part of any objection to the interrogatory.

**RESPONSES TO INTERROGATORIES**

<u>RESPONSE TO INTERROGATORY NO. 1:</u>

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

<u>RESPONSE TO INTERROGATORY NO. 2:</u>

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

SUPPLEMENTAL RESPONSES TO REQUESTS FOR INTERROGATORIES
- 2 -

RESPONSE TO INTERROGATORY NO. 3a:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 3b:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 3c:

Objection. The complaint does not allege that Pilkington was a DBE. Notwithstanding this objection, Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I- IV. Plaintiff bases this assertion upon the State of California DBE and DVBE databases applicable at the time, upon the bid materials submitted by Enterra, Pilkington and Timberworks, and upon the USDOT investigation.

RESPONSE TO INTERROGATORY NO. 4:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 5:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 6:

CalTrans awarded the contract to a bidder who failed to meet the contract DBE goal or document adequate good faith effort to meet it, according to the conclusion reached by the USDOT Office of Civil Rights.

RESPONSE TO INTERROGATORY NO. 7:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

RESPONSE TO INTERROGATORY NO. 8:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 9:

Despite knowledge that its DBE efforts were inadequate and failed to include Enterra, Timberworks nonetheless proceeded to perform under the contract award and then knowingly submitted bills or invoices ("claims") for payment to the State. Timberworks further knew or should have known that its "good faith" efforts were under investigation by the State and/or US DOT and notwithstanding this knowledge, Timberworks nonetheless submitted claims for payment. Said claims constitute material representation that Timberworks complied with all the contract requirements.

RESPONSE TO INTERROGATORY NO. 10:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 11:

Despite knowledge that its DBE efforts were inadequate and failed to include Enterra, Timberworks nonetheless proceeded to perform under the contract award and then knowingly submitted bills or invoices ("claims") for payment to the State. Timberworks further knew or should have known that its "good faith" efforts were under investigation by the State and/or US DOT and notwithstanding this knowledge, Timberworks nonetheless submitted claims for payment. Said claims constitute material representation that Timberworks complied with all the contract requirements.

RESPONSE TO INTERROGATORY NO. 12:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 13:

With knowledge that Timberworks failed to meet the DBE goal, CalTrans nonetheless paid Timberworks' billing invoices and disregarded the result of the US DOT investigation.

RESPONSE TO INTERROGATORY NO. 14:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 15:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 16:

Objection. Compound, vague and ambiguous. Subject to this objection, CalTrans was for months aware USDOT was investigating the Timberworks contract, but nonetheless issued payment to Timberworks as late as July 2004, after the contract was completed, and at least three months after USDOT submitted its final report.

RESPONSE TO INTERROGATORY NO. 17:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 18:

The facts in response to this interrogatory consist of the April 16, 2004 letter from Gene K. Fong, Division Administrator, U.S. Department of Transportation to Thomas Gibson (Bates No. 037) and accompanying documents set out in Exhibit II of the disclosure statement filed in the subject action. It is based on the facts reflected in the "payment history" for the subject contract No. 02366704 available at http://www.dot.ca.gov/hq/asc/oap/payments/public/02366704.htm. Further, facts in response to Interrogatory No. 18 include representations made to Paul F. Dauer by Jose Aguirre, Assistant Chief Counsel for CalTrans in a telephonic discussion.

RESPONSE TO INTERROGATORY NO. 19:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 20:

Plaintiff asserts association in fact between Timberworks and other persons based on the facts set forth in letter of September 13, 2002 from Thomas R. Gibson to Dr. Jeremy S. Wu of the Office of Civil Rights for the U.S. Department of Transportation and the accompanying exhibits. These documents are set forth as Exhibit I to the disclosure statement for the subject false claims action. In summary, the facts include CalTrans *in camera* review of the good faith efforts as represented by Timberworks in its bid and as protested by MDS with the participation by Timberworks in the *in camera* discussions. Further, CalTrans relied on Timberworks representations of the acts constituting good faith efforts at M/W/DVE compliance in competing for award of the subject contract. The association was implemented by submission, receipt and review of progress and final payment requests and the issuance of warrants for payment by CalTrans with federal funds.

RESPONSE TO INTERROGATORY NO. 21:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 22:

Timberworks activities, including multiple instances of mail fraud include transmittal of progress payment and final payment requests in accordance with the payment history of the subject contract and the transmittal of warrants by CalTrans to Timberworks in payment of the progress requests, as set forth in detail at the internet website quoted in response to Special Interrogatory No. 18.

RESPONSE TO INTERROGATORY NO. 23:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

RESPONSE TO INTERROGATORY NO. 24:

Each invoice for payment submitted via U.S. Mail constituted mail fraud within the meaning of 18 USC §1341. Timberworks submitted 18 invoices.

RESPONSE TO INTERROGATORY NO. 25:

Plaintiff is presently unaware of any document responsive to this interrogatory other than those identified in the complaint, attached thereto marked Exhibit I - IV.

DATED: March 23, 2006

LAW OFFICES OF PAUL F. DAUER

By: _____
Paul F. Dauer, Attorneys for *Qui Tam* Plaintiff Mike Stierli
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

# CERTIFICATE OF SERVICE
## Sealed v. Sealed
### Case No. CIV.S-04-1995 MCE PAN

I, PAULA ELVICK, hereby declare and state that:

I am over the age of eighteen years, employed in the City and County of Sacramento, California, United States of America, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2950, Sacramento, California 95814

On March 24, 2006, I served the within **SUPPLEMENTAL RESPONSES TO TIMBERWORKS' SPECIAL INTERROGATORIES, SET NO. 1 PROPOUNDED TO PLAINTIFF MIKE STIERLI** on the following party(ies) to this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

[x]   (BY EMAIL) I caused such document to be delivered by email to the addresses below.

[X]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mailbox at Sacramento, California. I am familiar with my company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mail box in Sacramento, California, in the ordinary course of business.

McGregor W. Scott, U.S. Attorney
Kristin S. Door, Assistant US Attorney
Department of Justice
501 I Street, Suite 10-100
Sacramento, California 95814
tele: 916-544-2705
fax: 554-2900
kristin.door@usdoj.gov

George F. Vogt, Jr.
Herrig Vogt & Stoll LLP
4210 Douglas Boulevard, Suite 100
Granite Bay, California 95746-5902
tele: 960-1000
fax: 960-1005
gfvjr@hvslaw.com

Peter D. Keisler, Asst. Attorney General
Michael F. Hertz
Dodge Wells
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
202-307-1088 (Courtesy copy)
202-307-3852 fax
gejaa.gobena@usdoj.gov

Jeffrey Simpton
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
fax: 323-6882
jeffrey.simpton@doj.ca.gov

Jose Aguirre
Chief Assistant Counsel
CalTrans Legal, MS-57
1120 N Street
Sacramento, CA 95814
654-6128 fax
jose_aguirre@dot.ca.gov

I declare under penalty of perjury under the law of the State of California and the United States of America that the foregoing is true and correct, and that this document was executed on March 24, 2006, at Sacramento, California.

*Paula Elvick*
PAULA ELVICK