1  McGREGOR W. SCOTT
   United States Attorney
2  KRISTIN S. DOOR SB #84307
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2723

5  PETER D. KEISLER
   Assistant Attorney General
6  MICHAEL F. HERTZ
   DODGE WELLS
7  GEJAA T. GOBENA
   Civil Division
8  Commercial Litigation Branch
   P.O. Box 261
9  Ben Franklin Station
   Washington, D.C. 20044
10 Telephone: (202)307-1088

11 Attorneys for the United States of America

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA ex rel MIKE STIERLI,<br><br>　　　　Relator Plaintiff,<br><br>　v.<br><br>SHASTA SERVICES, INC., dba TIMBERWORKS; and DOES 1 through 50, inclusive,<br><br>　　　　*Qui Tam* Defendants. | CIV. S-04-1955 MCE PAN-JFM<br><br>UNITED STATES OF AMERICA'S JOINDER IN MOTIONS TO DISMISS FILED BY THE STATE OF CALIFORNIA AND DEFENDANT; UNITED STATES' MOTION TO DISMISS FEDERAL FALSE CLAIMS ACT CLAIMS<br><br>DATE: May 1, 2006<br>TIME: 9:00 a.m.<br>Courtroom: 3 |

## I. INTRODUCTION

The United States of America, the real party in interest, moves for dismissal of the federal False Claims Act ("FCA") claims. The United States also joins in the Motion to Dismiss the California False Claims Act Claims filed by the State of California, and the Statement of Non-Opposition to State of California's Motion to Dismiss the California False Claims Act Claims and request to dismiss this action in its entirety filed by

1

Defendant Shasta Services, Inc. dba Timberworks (hereafter "Timberworks).

## II. STATEMENT OF FACTS

The United States incorporates by reference the facts set forth in the State of California's Memorandum of Points and Authorities in Support of Motion to Dismiss the California False Claims Act Claims (Document 47 on Court docket sheet) at pp. 2:14-5:2.

Of particular importance to the United States' motion is the fact that the federal agency involved in this matter, the U.S. Department of Transportation, notified Cal Trans that the project was ineligible for Federal-aid participation. Id., at 4:17-19. This means that no federal funds were spent on this program; thus, there was no monetary loss to the federal government.

In addition, the United States has found no evidence that defendant defrauded either real party in interest, the federal government or the State of California.

## III. ARGUMENT

A. The United States has the right to seek dismissal of this action even though it did not intervene.

Under Section 3730(c)(2)(A) of the False Claims Act (31 U.S.C. § 3729 et seq.) the United States may dismiss an action in its name:

> notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.

The purpose of the hearing is simply to give the relator a formal opportunity to convince the government not to end the case. Swift v. United States, 318 F.3d 250, 253 (D.C. Cir. 2003). The judiciary does not have general oversight of the government decision's whether to continue litigation brought in its name because such decisions are committed to the sound discretion of the Executive Branch. Id. Executive Branch decisions not to prosecute a case are presumed to be unreviewable. Swift, at 252.

The United States can move to dismiss a FCA action even though it did not intervene in the litigation. Swift. at 251-52; Ridenour v. Kaiser-Hill Company, LLC, 397

F.3d 925, 932 (10th Cir. 2005); United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp. et al., 151 F.3d 1139, 1144 (9th Cir. 1998 (government has broad power to dismiss or settle an action over relator's objections if relator given notice and hearing).

B.    The government has good cause for dismissing this action.

Although the False Claims Act (FCA) statute does not set forth standards for dismissal, in this Circuit the Court conducts a two step analysis to test the justification for dismissal:

1.    Is there a valid government purpose in dismissing the case?

2.    Is there a rational relation between dismissal and accomplishment of the purpose?

Sequoia Orange Co. at 1145.

In the instant case, the government's justification for dismissing this case is valid. To be actionable under the FCA, a defendant must knowingly present a claim for payment that is either fraudulent or simply false. "In short, the claim must be a lie." Hindo v. University of Health Sciences/The Chicago Medical School, 65 F.3d 608, 613 (7th Cir. 1995). While relator alleges the defendant failed to use best efforts to include bids from disadvantaged business enterprises ("DBE's") in its bid to Cal Trans, and the federal Highway Administration determined that defendant had not documented adequate efforts to meet the DBE goals (Exh. A to Timberwork's Statement of Non-Opposition filed on April 12, 2006, as Document 49 on the Court's Docket), this is a far cry from finding any fraud on Timberworks' part. Indeed, the federal regulations at issue herein expressly highlight the subjective nature of "good faith" efforts; "We emphasize, however, that your determination concerning the sufficiency of the firm's good faith efforts is a judgment call: meeting quantitative formulas is not required." 49 C.F.R. Pt. 26, App. A, II.

The Attorney General diligently investigated the relator's claims, as required by 31 U.S.C. § 3730(a), but found no evidence that defendant had submitted a false claim to either the State of California or the federal government, i.e. no lie is involved in this case.

Moreover, this case involves no loss to the federal government, yet this office has

been required to respond to frivolous discovery requests from relator for investigative files compiled by the U.S. Attorney's office, documents that are privileged under a variety of recognized privileges. These reasons for dismissal easily satisfy the <u>Sequoia Orange</u> standard. <u>Swift</u>, 318 F.3d at 254 (small potential recovery, complying with discovery request, and being forced to spend time and effort on a small case instead of using resources for more significant cases "easily" satisfy <u>Sequoia</u> standards).

Relator's counsel has even threatened to seek sanctions against undersigned counsel if she refuses to turn over privileged documents, arguing that he is the government's attorney and has a right to inspect his "client's" files. This is ludicrous, and this waste of the government's resources that are being diverted from significant cases with merit must stop.

### III. CONCLUSION

For the reasons set forth above, and in the motions filed by the State of California and the defendant, the United States requests that this action be dismissed in its entirety.

DATED: <u>April 17, 2006</u>　　　　　　　　　　McGREGOR W. SCOTT
　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　By:　<u>/s/ kristin s. door</u>
　　　　　　　　　　　　　　　　　　　KRISTIN S. DOOR
　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney