1 | PAUL F. DAUER (CALIFORNIA BAR NO. 37428)
JEFFREY L. ARAN (CALIFORNIA BAR NO. 141407)
2 | LAW OFFICES OF
PAUL F. DAUER
3 | 400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814
4 | TELEPHONE: (916) 448-2431
FACSIMILE: (916) 448-2462
5 | EMAIL: PFDAUER@PFDATTY.COM

6 | Attorneys for Attorneys for
*Relator Qui Tam* Plaintiff MIKE STIERLI

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA and the )    Case No. S-04-1955 MCE/PAN-JFM
STATE OF CALIFORNIA *ex rel* MIKE )
12 | STIERLI )
)
13 | )   RELATOR PLAINTIFF
Relator Plaintiff, )   OPPOSITION TO STATE'S
14 | )   MOTION TO DISMISS
v. )
15 | )
SHASTA SERVICES, INC. dba )
16 | TIMBERWORKS; and DOES 1 through )   DATE:    May 1, 2006
50, inclusive, )   TIME:    9:00 a.m.
17 | )   DEPT:    Hon. Morrison England
*Qui Tam* Defendants. )
18 | )
)
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   STATUS OF THE PLEADINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    The State Lacks Standing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      B.    The Time for Bringing the Motion has Lapsed . . . . . . . . . . . . . . . . . . 3
      C.    The State Has Not Properly Intervened . . . . . . . . . . . . . . . . . . . . . . 4
      D.    The *ACS* Case is Distinguishable . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

# TABLE OF AUTHORITIES

**Cases**                                                              **Page No.**

*Aetna Life Ins v. Alla Medical*
(9th Cir 1988) 855 F2d 1470 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Amelco Electric v. City of Thousand Oaks*
(2002) 27 Cal.4th 228 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*American Contract Services v. Allied Mold & Die Inc.*
(2001) 94 Cal.App.4th 854 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 7

*First Street Plaza Partners v. City of Los Angeles*
(1998) 65 Cal.App.4th 650 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Miller v. McKinnon*
(1942) 20 Cal. 2d 83 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*San Francisco Gas Co. v. San Francisco*
(1858) 9 Cal. 453 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Southern California Rapid Transit District v. Superior Court of Los Angeles*
(1994) 30 Cal.App.4th 713 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Zottman v. San Francisco*
(1862) 20 Cal. 96 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


**Statutes**                                                              **Page No.**

California Government Code section 12652(f) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

California Government Code section 12652(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . 4

California Government Code section 12652(h) . . . . . . . . . . . . . . . . . . . . . . . . . . 4


**Other**                                                                  **Page No.**

California Constitution, Article I, section 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Civil Procedure, Rule 12(b) . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

*Qui Tam* Plaintiff strenuously objects to the State's motion to dismiss, on the following grounds:

## I.     INTRODUCTION

This action is brought by *Qui Tam* plaintiff, Mike Stierli, pursuant to the Federal and California false claims acts ("FCA"). [31 USC §3279 et seq; Calif Gov't Code §12650 et seq[1]]. The action arises from allegations of false claims made by defendant Shasta Services dba Timberworks, pursuant to a public works contract awarded to Timberworks by Caltrans for the construction of an inspection facility in Shasta County. [Contract #02-366704].   The contract was funded 90% by Federal funding. [Federal Aid project #ACIM-005-9(158)E].

A *Qui Tam* action is filed under seal in order to allow the government time to assess the claim and determine whether it wishes to intervene to prosecute the action. Both the United States and State of California elected not to intervene (see Exhibit A), thereby allowing Plaintiff to proceed under the State and federal government's rights. Under both the State and Federal FCA's, once the government elects not to intervene, the *Qui Tam* plaintiff stands in the shoes of the government and has all rights to conduct the action as the attorney general would have had if it had chosen to intervene. §12652(f)(1). The government retains the right to share in and approve any settlement, but it generally does not have the power to interfere with the prosecution of the case. §12652(f)(2)(B). Nor can it subsequently intervene once it has declined to participate, except upon showing that the interests of the State in recovery of the funds are "not being adequately represented." §12652(f)(2). Even if the State subsequently intervenes in the action, the *Qui Tam* plaintiff retains principal responsibility for the action. §12652(f)(2)(B).

At bar, two years into the action, after having elected not to participate, the State of California has improvidently filed a motion to dismiss based solely on various State grounds.

---

[1]     All code references to the California Government Code, unless otherwise noted.

---

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

1    Subsequent to filing the motion, *Qui Tam* Plaintiff sought *ex parte* relief from this

2    Court on April 12, 2006 as to whether the State had standing to bring the motion in the

3    first instance. As of the time this opposition was filed, the Court has not yet ruled on or

4    ordered a hearing on the *ex parte* application. *Qui Tam* Plaintiff nonetheless has prepared

5    this preliminary opposition in order to preserve all rights *Qui Tam* Plaintiff may have and

6    to avoid any claim of default or waiver.

7    In addition, on April 17, 2006 (the due date for this opposition), the United States

8    filed a "joinder" in the State's motion to dismiss. The United States' joinder, however, is

9    not a true joinder but is instead a motion to dismiss in its own right. The motion relies

10   solely on federal authorities and seeks to have the federal false claims suit dismissed;

11   whereas the State's motion seeks to have only the State false claims matter dismissed.

12   The United States did not set a new hearing date for its "motion." Given the untimeliness

13   of the United States' filing, and pendency of the *ex parte*, *Qui Tam* Plaintiff has had

14   insufficient time to prepare a proper opposition, to both the federal and state motions, and

15   requests *de novo*[2] that the Court vacate the May 1 hearing date and reset the hearings for

16   both these motions, which are inextricably intertwined, to a date later in May.

## II.   STATUS OF THE PLEADINGS

18   Discovery has just completed and a settlement conference with Magistrate Mueller

19   is scheduled for April 27. Plaintiff anticipates filing a motion for summary judgment and

20   has reserved June 5th for hearing. Trial is set for October 4, 2006.

## III.   POINTS AND AUTHORITIES

### A.   The State Lacks Standing

23   The State has no standing to bring the motion, because it may do so **only** when it

24   has elected to initiate or intervene in the litigation. California Government Code section

25   12652(f). However, the Attorney General did not initiate this litigation and did not elect

---

27        [2]    *Qui Tam* Plaintiff requested the Court order a new hearing date and further
28   briefing in its *ex parte* papers.

to intervene in this case.   Section 12652(f) provides pertinent statutory language expressly defining the roles of the *Qui Tam* plaintiff vis-a-vis the Attorney General in California false claims actions, to wit:

> (f)    (1) If the state or political subdivision *elects not to proceed*, the Qui Tam plaintiff shall have the same right to conduct the action as the Attorney General or prosecuting authority would have had if it had chosen to proceed under subdivision (c) ...
>
> (2) (A) Upon timely application, the court shall permit the state or political subdivision to intervene in an action *with which it had initially declined to proceed* if the interest of the state or political subdivision in recovery of the property or funds involved is not being adequately represented by the Qui Tam plaintiff.
>
> (B) If the state or political subdivision is allowed to intervene under paragraph (A), the Qui Tam plaintiff shall retain principal responsibility for the action and the recovery of the parties shall be determined as if the state or political subdivision had elected not to proceed.

(Emphasis added.)  The Attorney General asserts in its moving papers that it has the authority to bring the motion pursuant to §12652(e)(2)(A).  However, that provision applies only when the Attorney General has initially elected or intervened to prosecute the action. *American Contract Services v. Allied Mold & Die* (2001) 94 Cal.App.4th 854 ("Where the Attorney General initiates litigation under the Act, or intervenes in an action initiated by a private party, the Attorney General may move to dismiss the case on a showing of good cause." Id. 856, 859).  The Attorney General may not intervene without court order.

Based on the foregoing, there being no intervention and no basis to intervene at this time, the Attorney General has no authority to bring the motion.

**B.    The Time for Bringing the Motion has Lapsed**

In Federal Court, motions to dismiss are governed by FRCP 12(b).  The State has not brought the motion under any Federal Rule of Civil Procedure, and in fact does not identify in its papers a single Federal Rule authorizing bringing the motion.  Instead, the motion is brought solely under California state law, as discussed, *supra*.

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

1    A 12(b) motion to dismiss must be brought before the Answer or other responsive

2    pleading is filed.  [FRCP 12(b), *Aetna Life Ins v. Alla Medical* (9th Cir 1988) 855 F2d

3    1470, 1474].  Here, that period passed long ago.  The Answer was filed May 24, 2005.

4    **C.    The State Has Not Properly Intervened**

5        It is ironic that the State appears before this court on a motion to dismiss and under

6    the guise of an implied motion to intervene for neither of which it has grounds or

7    standing.  A motion to intervene following an initial determination by the State declining

8    to intervene and prosecute a false claims action is limited under California statute to the

9    sole ground that the interest of the State in recovery of the property or funds "is not being

10   adequately represented" by the *Qui Tam* Plaintiff.

11       Under the California False Claims Act, once the State declines to intervene, the

12   *Qui Tam* Plaintiff has "the same right to conduct the action as the Attorney General . . .

13   would have had if it had chosen to proceed . . .."  Government Code section 12652(f)(1).

14   That is limited solely by the provisions for the State to receive pleadings, monitor the

15   proceedings, restrict the discovery activities of the *Qui Tam* Plaintiff in those instances

16   where the discovery would interfere with an investigation or prosecution of a criminal or

17   civil matter by the State (§12652(h)), and participate in any hearing on settlement or

18   dismissal.  However, most importantly, the Legislature has indicated that even if the

19   Attorney General can successfully establish inadequacy of representation of the State's

20   interest, the State's role on intervention is limited by the *Qui Tam* Plaintiff's right "to

21   retain principal responsibility for the action . . .."  In other words, intervention does not

22   establish a right to dismiss which is a right the Attorney General otherwise would have

23   had had it intervened initially, but by virtue of declining initial intervention it ceded to

24   *Qui Tam* Plaintiff.

25       The State's plea of an implied intervention motion for inadequacy of

26   representation rings hollow in the context of the patently frivolous motion to dismiss and

27   the absence of any indication of a lack of adequacy of representation.  The State's

28

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

conduct, both in its motion to dismiss, its opposition to the *ex parte* motion to dismiss, and to its refusal to disclose essential documents demonstrate a clear pattern of harassment.   The State has seriously confused the prosecution of this case with the Attorney General's Office representing that it did not represent CalTrans, CalTrans representing it did not represent itself.  And, the attorney in the AG's Office who had been identified as counsel in the matter asserting that he was not counsel and that *Qui Tam* Plaintiff should cease attempting to serve pleadings in this matter on the Office of the Attorney General.  What constructive contribution to the case this can have is incomprehensible.

The motion to dismiss, if appropriate, would have been appropriate at the time the Attorney General initially declined to intervene.  Nothing has changed, nor has the Attorney General cited anything different which would warrant a change of position at this time, except to the extent the *Qui Tam* Plaintiff has attempted to most effectively represent the State's interest through a full awareness of all information concerning the case.

Further, the "non-opposition" to the motion to dismiss filed by *Qui Tam* Defendant with a full and expanded argument for a motion to dismiss is telling of the extent to which the Defendant will resort in an effort to protect the ill-gotten gains of the fraudulent representation of compliance with applicable federal DBE regulations.  The non-opposition is one further link in the chain perpetuating the false claim which is the core of this prosecution.

**D.    The *ACS* Case is Distinguishable**

The State blithely asserts that the decision in *American Contract Services v. Allied Mold & Die Inc.* (2001) 94 Cal.App.4th 854, is dispositive of whether or not fraudulent representations in the inducement of the contract can constitute a false claim under California law.  The California False Claims Act poses a duty on the Office of the Attorney General to "diligently investigate" such violations involving State funds.

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

1  Presumably, that was done, although that is belied by the State's efforts to foist on this

2  Court a perverted and untenable reading of the legal holding of the *ACS* case. Even

3  elementary analysis of the case reveals that it is wholly distinguishable.

4  First, in *ACS*, the contractor was found by the court to be innocent and to have

5  relied on representations of the State. Here, the contractor is far from innocent having

6  affirmatively and falsely represented the circumstances concerning its good faith efforts

7  at utilizing minority businesses which had expressed an interest in participating in the

8  Defendant's bid to CalTrans. (*See* USDOT Report attached hereto as Exhibit B.)

9  Second, in *ACS*, the determination of the propriety of the contracting procedure

10 was made by the State of California interpreting State statute. In this case, the

11 interpretation is by an independent supervening governmental agency, the Federal

12 Department of Transportation, construing the Department of Transportation regulations.

13 That construction was based on an in-depth two year investigation of the activities of

14 CalTrans and the *Qui Tam* Defendant with the ultimate conclusion that CalTrans had not

15 complied with the federal minority business regulations contrary to the self-serving,

16 exculpating interpretation of CalTrans of whether its DBE employees had acted properly.

17 *See* USDOT Report finding that Defendants actions were merely *pro forma* and not in good

18 faith, thereby making the State ineligible for federal funding. Exhibit B.

19 Third, *ACS* did not conclude that fraudulent representations in the context of

20 claiming the benefit of DBE preferences could not be a false claim under California law.

21 To the extent the court articulated anything approaching that, it is purely dicta, A careful

22 reading of the case reveals that the Court of Appeals found that no false claim had been

23 made, not that the act was inapplicable. In reality, even in a context preliminary to any

24 particular procurement, it has been held in California that an improper claim to DBE

25 status for purposes of securing preferences in procurements **does** constitute a false claim

26 under California law. *Southern California Rapid Transit District v. Superior Court of*

27 *Los Angeles* (1994) 30 Cal.App.4th 713.

28

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

1   Fourth, unlike the *ACS* instance, the *Qui Tam* Defendant here is actively culpable

2   in perpetrating the misrepresentation.

3   Fifth, in *ACS*, no constitutional provision was implicated. In this case, the

4   unchallenged determination by the federal grantor funding agency that CalTrans and

5   Timberworks had improperly entered into the contract because of the misrepresentation in

6   showing of good faith efforts, resulted in the State funding the contract solely with State

7   funds. (*See* Declaration of Stanley Ota, Exhibit C.) The California Constitution, Article

8   I, section 31, prohibits any contract transaction by a public entity in California which

9   affords a preference based upon race or gender which necessarily forecloses the validity

10  of the contract with Timberworks or payment using State funds.

11  In *ACS*, the focal point of the court's decision was that the contractor relied on the

12  representation of State officials that the State had authority to contract on a sole source

13  basis in order to circumvent *Allied Mold's* failure to comply with federal minority and

14  women business enterprise regulations. What was at issue was not an award under a

15  procurement in which a failure of DBE compliance had occurred, but rather, following

16  cancellation of that procurement, an attempted effort to circumvent the law by a sole

17  source procurement.

18  Candidly, the Third District Court of Appeals is in error on its conclusion that

19  those dealing with the government in California can rely on the representations as to the

20  authority and legality of the entities' actions. More than thirty-five Appellate cases, over

21  the course of a 148 years have consistently held to the contrary that any contracts

22  resulting from such reliance are void and unenforceable and the putative contractor is

23  precluded from recovering compensation on any basis, including *quantum meruit. San*

24  *Francisco Gas Co. v. San Francisco* (1858) 9 Cal. 453; *Zottman v. San Francisco* (1862)

25  20 Cal. 96. Public entities are recognized in California as strictly limited to their express

26  contract powers. *Miller v. McKinnon* (1942) 20 Cal. 2d 83, 88; (*First Street Plaza*

27  *Partners v. City of Los Angeles* (1998) 65 Cal.App.4th 650; *Amelco Electric v. City of*

28

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

1  *Thousand Oaks* (2002) 27 Cal.4th 228.)  Accordingly, an agency's award of a contract

2  which is contrary to express limitations on the agency's contracting power is void and

3  unenforceable.  (*First Street Plaza Partners v. City of Los Angeles, supra.*

4  That principle was also codified in the State's original Constitution which denies to the

5  Legislature the power to make payment on a contract entered into without authority of

6  law.  California Constitution, Article IV, section 17; Article XI, section 10.  Review and

7  revision of the State Constitution, including most recently the California Constitutional

8  Commission recommendations enacted in 1996, have resulted in reenactment of that

9  prohibition irrespective of how draconian the result might be, recognizing implicitly the

10  extraordinarily high value placed on the prevention of fraud in the public contracting

11  process.

12      The lesson of the State and the *Qui Tam* Defendant's citation to *ACS* is clear.  That

13  lesson can only be characterized as an effort to foist on this Court a deception, and by the

14  motion to dismiss, to officiously interfere with proper prosecution of this case.  This

15  Court should send the clearest possible message to the counsel for the State and the *Qui*

16  *Tam* Defendant that such conduct will only be tolerated at serious financial risk.

17      **E.**    **The Public "Fisc" Has Been Injured**

18      Moving party makes considerable argument that there is purportedly no harm to

19  the public fisc.  To the contrary, as a result of the federal government withdrawing federal

20  funding based on its determination that there was no proper DBE participation, the State

21  sought to cover its tracks by using State funds instead to the tune of $1 million.  (Exhibit

22  C.)  This unauthorized funding is clearly *ultra vires* and altered the contract and

23  procurement process.  DBE participation was a bidding requirement.  But Defendant was

24  allowed to play hide the ball with the State by submitting phony DBE documentation.

25  The state in effect is paying lip service to its duty to offer DBE participation to minority

26  and women business enterprises by sanctioning Timberworks' actions.

27

28

---

# IV.   CONCLUSION

For the foregoing reasons, Plaintiff requests the court deny the motion in its entirety, and/or in the alternative, postpone the hearing on this matter so that Plaintiff may adequately present its case. Plaintiff further reserves all rights to prepare formal opposition to the United States' "joinder" motion.

Respectfully submitted,

DATED: April 17, 2006          By:

JEFFREY L. ARAN, Attorneys for *Relator Qui Tam* Plaintiff MIKE STIERLI

LAW OFFICES OF
PAUL F. DAUER
400 CAPITOL MALL, SUITE 2950
SACRAMENTO, CALIFORNIA 95814

I, PAULA ELVICK, hereby declare and state that: I am over the age of eighteen years, employed in the City and County of Sacramento, California, United States of America, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2950, Sacramento, California 95814.

On April 17, 2006, I served the within **RELATOR PLAINTIFF OPPOSITION TO STATE'S MOTION TO DISMISS** on the following party(ies) to this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

[x]  (BY EMAIL) I caused such document to be delivered by email to the addresses below.

[]  (PERSONAL SERVICE) I caused such document to be hand delivered to the specified addressee below.

[x]  (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mailbox at Sacramento, California. I am familiar with my company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mail box in Sacramento, California, in the ordinary course of business.

McGregor W. Scott, U.S. Attorney
Kristin S. Door, Assistant US Attorney
Department of Justice
501 I Street, Suite 10-100
Sacramento, California 95814
tele: 916-544-2705
fax: 554-2900
kristin.door@usdoj.gov

George F. Vogt, Jr.
Herrig Vogt & Stoll LLP
4210 Douglas Boulevard, Suite 100
Granite Bay, California 95746-5902
tele: 960-1000
fax: 960-1005
gfvjr@hvslaw.com
mt@hvslaw.com

Peter D. Keisler, Asst. Attorney General
Michael F. Hertz
Dodge Wells
Gejaa T. Gobena
Department of Justice, Civil Division
Commercial Litigation Branch
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
(Courtesy copy)
202-307-3852 fax
gejaa.gobena@usdoj.gov

Larry Raskin
Deputy Attorney General
False Claims Division
Attorney General's Office
1300 I Street
Sacramento, CA 95814
larry.raskin@doj.ca.gov

I declare under penalty of perjury under the law of the State of California and the United States of America that the foregoing is true and correct, and that this document was executed on April 17, 2006, at Sacramento, California.

PAULA ELVICK