UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA and the STATE OF CALIFORNIA *ex rel.* MIKE STIERLI,

    Relator Plaintiff,

v.

SHASTA SERVICES INC. dba TIMBERWORKS; and DOES 1 through 50, inclusive,

    *Qui Tam* Defendants.

No. 2:04-cv-1955-MCE-PAN (JFM)

<u>ORDER</u>

----oo0oo----

By Order filed July 11, 2006, this Court granted Motions to Dismiss brought by both the United States of America ("United States) and the State of California ("State") with respect to the viability of this *qui tam* action. The *qui tam* Plaintiff, Mike Stierli, had sought to invoke false claims provisions contained within both federal and state law.

///

///

1

In bringing the present motion, Defendant Shasta Services Inc. dba Timberworks ("Timberworks") seeks to recover attorneys' fees expended in defending this matter in the amount of $130,946.11. That motion is denied.

Both the Federal False Claims Act, 31 U.S.C. § 3729, et seq. ("FCA") and its state law counterpart, California Government Code § 12650, et seq. ("CFCA") provide that a prevailing defendant in a *qui tam* action can recover its attorney fees if the underlying claim was clearly frivolous, vexatious, or brought for purposes of harassment.  Section 3730(d)(4) of the FCA provides in pertinent part as follows:

> "If the Government does not proceed with the action and the person bringing the action conducts the action, the Court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the Court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."

The CFCA contains the same stringent standard in requiring that an action must be frivolous, vexatious or harassing before any award of attorneys' fees to a prevailing defendant is justified:

> "If the state, a political subdivision, or the qui tam plaintiff proceeds with the action, the Court may award to the defendant its reasonable attorney's fees and expenses against the party that proceeded with the action if the defendant prevails in the action and the Court finds that the claim was clearly frivolous, clearly vexatious, or brought solely for purposes of harassment.

Cal. Gov't. Code § 12652(g)(9).

As a preliminary matter, under either federal or state law a defendant seeking attorneys' fees in a false claims action, like Timberworks herein, must establish that it was a prevailing party.

The motions to dismiss which ultimately terminated the case, however, were brought by the United States and the State of California.  Those motions were ultimately granted by the Court on grounds that no actionable false claims violation had occurred since the State awarded the construction contract in question to Timberworks, and paid Timberworks' invoices, with full knowledge of Timberworks' alleged noncompliance with disadvantaged business entity ("DBE") requirements attached to the project.  Because the State's actions were taken in the face of complete disclosure as to Timberworks' purported failure to incorporate a last-minute DBE bid within its work proposal, the Court found that the State could not have been defrauded.  Am. Contract Servs. v. Allied Mold & Die, Inc., 94 Cal. App. 4th 856, 862 (Cal. App. 2001); U.S. ex rel. Durcholz v. FKW, Inc., 189 F.3d 542, 544-45 (7th Cir. 1999).

It was primarily the State's knowledge of Timberworks' behavior that precluded any potential false claims violation in this case.  Secondarily, the Court also noted that to the extent that Stierli's complaint took issue with the State's own policies and procedures in awarding governmental contracts, the complaint was defective on that ground as well, since the False Claims Act "is not an appropriate vehicle for policing technical compliance with administrative regulations." Allied Mold, 94 Cal. App. 4th at 865-66, citing Durcholz, 189 F.2d at 545, n.2.  Both bases for the Court's ruling, however, focused on the State's role in this litigation, whether through its knowledge of Timberworks behavior or the impropriety of a false claims action challenging the State's own contract award practices.

Neither rationale for dismissing Stierli's *qui tam* action on behalf of the government focused on Timberworks' own conduct; indeed, the Court expressly declined to rule on Timberworks' own concurrently pending motion for summary judgment on the merits after it granted the governmental entities' dismissal requests. Because there was no decision in favor of Timberworks in that regard, and since the motions that terminated the case were not brought by Timberworks, it is difficult to fathom how Timberworks can be considered a prevailing party in this lawsuit, as both the FCA and CFCA fee statutes require.[1]

Although Timberworks' inability to qualify as a prevailing party would appear in and of itself to mandate denial of its request for attorneys' fees, Timberworks' fee motion fares no better if we proceed to the second part of the analysis and consider whether Stierli's actions were "clearly frivolous", "clearly vexatious", or brought either "primarily" or "solely" for "purposes of harassment".  Timberworks did not in fact disclose that a DBE bid had been tendered, and the United States Department of Transportation ("USDOT") did issue a report concluding that Timberworks' efforts to meet DBE requirements were only pro forma "because it never intended to use any DBEs" and did not take all "necessary and reasonable steps" that one would expect from a bidder "actively and aggressively trying to obtain DBE participation".  USDOT Report of Investigation, Ex. 1 to Pl.'s Opp., p. 41.

---

[1] The mere fact that Timberworks joined in the State's Motion to Dismiss (as set forth in its April 12, 2006 Statement of Non-Opposition to said Motion) does not make Timberworks a prevailing party.

4

The USDOT concluded that this failure to secure adequate DBE compliance was egregious enough to warrant withdrawal of federal funding for the project.  Id. at 42.  While the Court ultimately determined that the timing of the State's knowledge militated against any false claim for payment that would support a viable FCA or CFCA claim, that does not mean that there was no basis whatsoever for Stierli's claims against Timberworks.  Stierli's claim that Timberworks's claim was invalid was, at least on its face, supported by the findings of the USDOT as the federal funding agency.  The timing issues ultimately determined by the Court to be crucial in ruling out a false claim for payment were not fully elucidated prior to the pendency of this litigation. Moreover, while Timberworks argues that the Allied Mold decision was necessarily fatal to Stierli's claim, Stierli had at least a viable argument for distinguishing that case on its facts.  The Court simply cannot conclude under these circumstances that Stierli's action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment as it must to justify an award of attorneys' fees under either 31 U.S.C. § 3730(d)(4) or Cal. Gov't. Code § 12652(g)(9).  This extraordinarily high standard can be met only if an action is wholly lacking in both legal merit and evidentiary support.  U.S. ex rel. Mikes v. Straus, 98 F. Supp. 2d 517, 526 (S.D.N.Y. 2000).

///
///
///
///
///

5

1  The simple fact that the Qui Tam Plaintiff did not ultimately
2  prevail does not mean that his action was per se unreasonable or
3  without foundation. Christiansburg Garment v. EEOC, 434 U.S.
4  412, 421-22.[2]
5      Based on the foregoing, Timberworks' Motion for Attorney's
6  Fees is DENIED.[3]
7      IT IS SO ORDERED.
8  DATED: September 8, 2006

                                    _____
                                    MORRISON C. ENGLAND, JR
                                    UNITED STATES DISTRICT JUDGE

---

[2] Timberworks urges the Court to conclude, even apart from the merits of Stierli's FCA and CFCA claims, that his RICO cause of action was patently untenable and therefore frivolous and harassing. Plaintiff apparently believed his RICO theory was tenable given an assertion that Timberworks engaged in mail fraud by, for example, submitting fraudulent payment requests to the State for payment. (See Pl.'s Compl., ¶¶ 48-51). This theory is obviously related to Stierli's claims under the FCA and CFCA. Merely pleading an alternative means of recovery does not itself constitute frivolous, vexatious and/or harassing behavior.

[3] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

6