UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA and the STATE OF CALIFORNIA *ex rel.* MIKE STIERLI,

    Relator Plaintiff,

  v.

SHASTA SERVICES INC. dba TIMBERWORKS; and DOES 1 through 50, inclusive,

    *Qui Tam* Defendants.

No. 2:04-cv-01955-MCE-PAN

ORDER

----oo0oo----

Defendant Shasta Services Inc. dba Timberworks ("Timberworks") as the prevailing party in this litigation, has filed a Bill of Costs, pursuant to 28 U.S.C. § 1920, in the amount of $4,902.97.  Qui Tam Plaintiff Mike Stierli ("Plaintiff") has objected to certain portions of that costs bill.

///
///
///

1

1    Under Federal Rule of Civil Procedure 54(d), the prevailing
2 party in a lawsuit may recover its costs "unless the court
3 otherwise directs". As this language suggests, the ultimate
4 decision on whether to award costs is a matter within the court's
5 discretion. <u>Association of Mexican-American Educators v. State
6 of Calif.</u>, 231 F.3d 572, 591-92 (9th Cir. 2000). If the court
7 declines to award costs as requested by the prevailing party,
8 however, it should specify its reasons for doing so. <u>Berkla v.
9 Corel Corp.</u>, 302 F.3d 909, 921 (9th Cir. 2002).

10   Plaintiff has disputed a total of $3,095.75 in claimed costs
11 and argues that only $1,807.22 in costs may appropriately be
12 awarded. The largest disputed item concerns $2,578.85 incurred
13 for online legal research. Those costs will be disallowed since
14 the expense of computerized legal research are properly deemed as
15 a component of the attorney's fee rather than a reimbursable cost
16 under the purview of 28 U.S.C. § 1920. See <u>Invessys Inc. v.
17 McGraw-Hill Cos., Ltd.</u>, 369 F.3d 16, 22-23 (1st Cir. 2004). The
18 Court will also not authorize postage fees of $137.58 and courier
19 charges of $72.65 for picking up certain documents. Neither mail
20 nor courier fees can properly be taxed. See <u>El-Fadl v. Central
21 Bank of Jordan</u>, 163 F.R.D. 389, 390 (D.D.C. 1995).

22   With respect to the $75.06 claimed for the costs of a color
23 display board, Timberworks has not demonstrated that that exhibit
24 was necessarily obtained for use at trial. Such necessity must
25 be established. <u>Allison v. Bank One-Denver</u>, 289 F.3d 1223, 1249
26 (10th Cir. 2002).
27 ///
28 ///

1  The final disputed costs item consists of $231.60 in travel
2 related costs incurred by Timberworks attorneys George Vogt, Jr.
3 and Marcus Turner.  Although Timberworks does not specify for
4 what reason these particular costs were incurred, it is well
5 established that an attorney's expenses in attending both
6 depositions and other court proceedings are not recoverable as
7 costs.  <u>Wahl v. Carrier Mfg.. Co., Inc.</u>, 511 F.2d 209, 217 (7th
8 Cir. 1975).
9  Given the foregoing, costs are taxed in favor of Timberworks
10 in the sum of $1,807.22.
11  IT IS SO ORDERED.

Dated: May 22, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3