1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA and        No. 2:04-cv-01955-MCE-PAN
     the STATE OF CALIFORNIA
12   *ex rel.* MIKE STIERLI,

13            Relator Plaintiff,

14       v.                              <u>ORDER</u>

15   SHASTA SERVICES INC. dba
     TIMBERWORKS; and DOES 1
16   through 50, inclusive,

17            *Qui Tam* Defendants.

18

19                        ----oo0oo----

20       Defendant Shasta Services Inc. dba Timberworks

21   ("Timberworks")  as the prevailing party in this litigation, has

22   filed a Bill of Costs, pursuant to 28 U.S.C. § 1920, in the

23   amount of $4,902.97.  Qui Tam Plaintiff Mike Stierli

24   ("Plaintiff") has objected to certain portions of that costs

25   bill.

26   ///

27   ///

28   ///

                                 1

1    Under Federal Rule of Civil Procedure 54(d), the prevailing

2  party in a lawsuit may recover its costs "unless the court

3  otherwise directs".  As this language suggests, the ultimate

4  decision on whether to award costs is a matter within the court's

5  discretion.  Association of Mexican-American Educators v. State

6  of Calif., 231 F.3d 572, 591-92 (9th Cir. 2000).  If the court

7  declines to award costs as requested by the prevailing party,

8  however, it should specify its reasons for doing so.  Berkla v.

9  Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002).

10    Plaintiff has disputed a total of $3,095.75 in claimed costs

11  and argues that only $1,807.22 in costs may appropriately be

12  awarded.  The largest disputed item concerns $2,578.85 incurred

13  for online legal research.  Those costs will be disallowed since

14  the expense of computerized legal research are properly deemed as

15  a component of the attorney's fee rather than a reimbursable cost

16  under the purview of 28 U.S.C. § 1920.  See Invessys Inc. v.

17  McGraw-Hill Cos., Ltd., 369 F.3d 16, 22-23 (1st Cir. 2004).  The

18  Court will also not authorize postage fees of $137.58 and courier

19  charges of $72.65 for picking up certain documents.  Neither mail

20  nor courier fees can properly be taxed.  See El-Fadl v. Central

21  Bank of Jordan, 163 F.R.D. 389, 390 (D.D.C. 1995).

22    With respect to the $75.06 claimed for the costs of a color

23  display board, Timberworks has not demonstrated that that exhibit

24  was necessarily obtained for use at trial.  Such necessity must

25  be established.  Allison v. Bank One-Denver, 289 F.3d 1223, 1249

26  (10th Cir. 2002).

27  ///

28  ///

2

The final disputed costs item consists of $231.60 in travel related costs incurred by Timberworks attorneys George Vogt, Jr. and Marcus Turner.   Although Timberworks does not specify for what reason these particular costs were incurred, it is well established that an attorney's expenses in attending both depositions and other court proceedings are not recoverable as costs.  <u>Wahl v. Carrier Mfg.. Co., Inc.</u>, 511 F.2d 209, 217 (7th Cir. 1975).

Given the foregoing, costs are taxed in favor of Timberworks in the sum of $1,807.22.

IT IS SO ORDERED.

Dated: May 22, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE